**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 02-1162**

_____

MESKEREM SHEWATSEGA,

                                        Petitioner,

        versus

U.S. IMMIGRATION & NATURALIZATION SERVICE,

                                        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A72-416-998)

_____

Submitted:  October 15, 2002         Decided:  October 30, 2002

_____

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Rev. Uduak J. Ubom, UBOM, WHITE & ROBERTS, Washington, D.C., for
Petitioner.  Robert D. McCallum, Jr., Assistant Attorney General,
Mark C. Walters, Assistant Director, James E. Grimes, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Meskerem Shewatsega, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) denying relief on her application for asylum and withholding of deportation. We have reviewed the administrative record and find that substantial evidence supports the Board's conclusion that Shewatsega failed to establish a well-founded fear of persecution as necessary to qualify for relief from deportation. 8 U.S.C. § 1105a(a)(4) (1994);[*] <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992); <u>Huaman-Cornelio v. Board of Immigration Appeals</u>, 979 F.2d 995, 999 (4th Cir. 1992); <u>Matter of Kojoory</u>, 12 I. & N. Dec. 215 (BIA 1967).

Accordingly, we affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable here under the terms of the transitional rules contained in § 309(c) of the IIRIRA.